UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON CARDELL COMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| VS. | ) | No. 20-1037-JDT-cgc |
| | ) | |
| | ) | |
| JACKSON POLICE DEPARTMENT, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER TO MODIFY THE DOCKET,
DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND

On February 10, 2020, Plaintiff Brandon Cardell Coman, Jr.,[1] who is incarcerated at the Madison County Criminal Justice Complex in Jackson, Tennessee, filed a *pro se* civil complaint.  (ECF No. 1.)  After Coman submitted a properly executed and supported motion to proceed *in forma pauperis*, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b).  (ECF No. 8.)  The Clerk shall record the

---

[1] Due to the difficulty in reading Coman's handwriting, the Clerk listed his middle name as "Curdell" and one of the named Defendants as Robert "Groves."  A later filing shows the correct spelling of Plaintiff's middle name is "Cardell."  (ECF No. 5.)  In addition, the Court believes Plaintiff sues not Robert "Groves," but Robert "Graves."  The Clerk is directed to MODIFY the docket to reflect these spelling changes.

Defendants as the Jackson Police Department (JPD); Robert Mitchell Graves, an investigator with the JPD; and Jackson City Court Judge Blake Anderson.

Coman alleges that Defendant Graves "developed the identity of a male suspect" by first finding photographs on social media belonging to Christina Clark-Smith[2] of a man Ms. Clark-Smith had identified as "Brandon." Upon checking Ms. Clark-Smith's visitation logs, Graves found visits by Plaintiff, Brandon C. Coman, Jr. Graves then obtained booking photographs of Coman from a prior arrest, which matched the photographs of "Brandon" on social media. (ECF No. 1 at PageID 2.) Based on that evidence, but allegedly without any line-up identification, street identification, or photo array identification by the victim of the crime, Graves prepared and Judge Anderson signed off on a warrant for Coman's arrest. (*Id.* at PageID 2-3.) Coman was arrested when he next visited the CJC on July 11, 2019, allegedly without probable cause and based on a "rubber stamp" warrant. Coman alleges he is being unreasonably incarcerated at the CJC. (*Id.* at PageID 3.) He seeks $2.5 million in damages. (*Id.* at PageID 4.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint─

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

---

[2] Again due to the difficulty in reading Coman's handwriting, Ms. Clark-Smith's first name appears to be "Christina," though it is not clear.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Coman filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Coman does not state a valid claim under § 1983. Claims against the JPD and against Defendants Graves and Anderson in their official capacities are treated as claims against the City of Jackson, which may be held liable *only* if Coman sustained harm as a result of an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

4

Coman does not allege that a custom or policy of the City of Jackson is responsible for his arrest, detention, or prosecution. He therefore fails to state a claim against the City.

With regard to any claims Coman may intend to assert against Judge Anderson in his individual capacity, he also does not have a valid claim. It is well settled that judges, in the performance of their judicial functions, are absolutely immune from civil liability. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). The allegation here is that Judge Anderson issued an arrest warrant for Coman. That action clearly was within the scope of Judge Anderson's judicial function; therefore, Coman's claims against Anderson are barred by judicial immunity.

Coman challenges the issuance of the arrest warrant and his detention at the CJC. False arrest claims arise under the Fourth Amendment, which prohibits unreasonable seizures and "requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). Here, Coman contends only that the method Defendant Graves used to identify him as a suspect cannot support a finding of probable cause because he was not identified by the victim of the crime, either in person or photographically. However, there is no

5

constitutional requirement that a suspect must always be identified directly by the victim before a judicial officer may find probable cause to issue an arrest warrant. Coman's allegations are otherwise conclusory and fail to explain why the method used by Graves was insufficient to provide probable cause for the arrest.

To the extent Coman also alleges a Fourth Amendment claim of continued false imprisonment or malicious prosecution, he must establish both a lack of probable cause and show that the criminal proceeding was resolved in his favor. *See Robertson v. Lucas*, 753 F.3d 606, 615-16 (6th Cir. 2014). As stated, Coman's allegations regarding a lack of probable cause merely assume that the absence of an identification by the victim renders his detention and prosecution invalid. Without more, that is not enough to support his claim that probable cause is lacking. Moreover, when the complaint was filed, Coman still was incarcerated and has not alleged that the state-court criminal proceeding has been resolved in his favor.

To the extent Coman may be requesting immediate release and dismissal of the charges against him, this Court may not issue such an order. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v.*

*Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).  Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."  *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted).  The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. In this case, Coman does not allege the type of extraordinary circumstances that would permit the Court to issue an injunction enjoining the proceedings against him.

For all of these reasons, Coman's complaint is subject to dismissal for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001)

7

("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Coman should be given an opportunity to amend his complaint.

For all of the foregoing reasons, the Court DISMISSES Coman's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order, on or before **September 10, 2020**.

Coman is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings. The text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Coman fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                        s/ **James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE